UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE BOHN,<br><br>Plaintiff,<br><br>-v-<br><br>THE CITY OF NEW YORK, JOHN DOE 1–50, JANE DOE 1–10, A, B, *and* C,<br><br>Defendants. | 24 Civ. 9283 (PAE) (GS)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

On March 23, 2026, the Court dismissed with prejudice the Amended Complaint ("AC") of plaintiff Theodore Bohn, a lawyer proceeding *pro se*, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 52 ("Decision"). Bohn now moves to vacate or alter the Decision pursuant to Rule 59(e). Dkts. 53–54, 60–61. Defendant City of New York (the "City") opposes. Dkt. 57.

For the following reasons, the Courts denies the motion.

## I. Background

The Court assumes familiarity with this case. In brief, the AC alleged that numerous unidentified firefighters, police officers, and other emergency-services personnel have unlawfully surveilled and harassed Bohn since the 1990s, in retaliation for a civil-rights lawsuit he had filed on behalf of a client. Decision at 1.

The Decision found that Bohn, as a practicing attorney, was not entitled to the special solitude due non-attorney *pro se* litigants. *Id.* at 6–7. It held that the AC's claims of a large-scale conspiracy—comprised, as the pleading put it, of "street gangs and pedophiles at one end,

acting in concert with firemen, police, EMTs, and members of the Irish mafia at the other"—failed to state a claim under § 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), pursuant to Rule 12(b)(6). *Id.* at 2, 10 (quoting AC ¶ 9 & n.4). The Decision likened the AC to those in numerous cases in this District and others dismissing similarly "delusional" claims. *Id.* at 9–10 (quoting, among other cases, *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

## II. Applicable Legal Standard

Under Rule 59(e), a movant must identify an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Salamone v. Douglas Marine Corp.*, 111 F.4th 221, 232 (2d Cir. 2024); *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Rather, "the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## III. Discussion

Bohn argues that relief under Rule 59(e) is warranted on multiple grounds. The Decision, he argues, (1) misrepresented the AC's pleadings; (2) relied on a credibility determination as to Bohn; (3) did not adequately address Bohn's arguments opposing the City's motion to dismiss; (4) cited distinguishable cases; (5) did not take into account that discovery against the City would not be unduly burdensome; (6) used inappropriately harsh language by terming the AC's inferences "delusional"; and (7) erred in dismissing the AC's *Monell* claims. *See* Dkts. 54

("Mem."), 61 ("Reply"). Bohn attached two declarations and multiple exhibits, including videos ostensibly reflecting certain incidents alleged in the AC. *See* Dkts. 53, 60.

The motion and the materials it attached do not identify an intervening change in controlling law.[1] To the contrary, they largely attempt to re-litigate issues the Court has already decided. And, to the extent they seek to introduce new evidence—*e.g.*, videos ostensibly reflecting incidents alleged in the AC; a declaration by a former client of Bohn's, attesting to his generosity and an innocuous interaction with an NYPD officer who, according to Bohn, had been following him; and statistics reflecting "Anti-LGBT Victimization in the United States"—such does not supply grounds for reconsideration or correction of any ostensible clear error or manifest injustice in the Decision.

**CONCLUSION**

For the above reasons, the Court denies Bohn's motion. The Clerk of Court is respectfully directed to mail a copy of this Order to Bohn at the address on file, and terminate the pending motions at dockets 53 and 54.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 27, 2026
New York, New York

[1] For the reasons stated in the Decision, Bohn, as a practicing attorney, on this motion remains not entitled to the special solicitude due non-lawyer *pro se* litigants.